Meyer Gordon v. Commissioner.
Gordon v. Commissioner
Docket No. 12326.
United States Tax Court
T.C. Memo 1955-134; 1955 Tax Ct. Memo LEXIS 205; 14 T.C.M. (CCH) 498; T.C.M. (RIA) 55134; May 24, 1955
*205 Held, that respondent has established by clear and convincing evidence that there were deficiencies in tax for each of the years in question due in part to fraud with intent to evade tax. George T. Donoghue, Jr., Esq., for the respondent. FISHER
Respondent determined deficiencies in income tax and fraud penalties for the years indicated as follows: Year
Deficiency
50% Penalty
1935
$ 12,487.82
$ 6,243.91
1936
7,290.79
3,645.40
1937
2,198.65
1,099.33
1938
2,187.13
1,093.57
1939
8,712.28
4,356.14
1940
36,824.51
18,412.26
1941
110,427.46
55,213.73
1942
130,978.95
65,489.48
1943
200,827.45
100,413.73
Totals
$511,935.04
$255,967.55
There was no appearance for petitioner at the trial *206 of the instant case, and no evidence was introduced on his behalf. The only issue involved herein is whether there were deficiencies for each of the years 1935 through 1943 due in part to fraud with intent to evade tax. Memorandum Findings of Fact and Opinion Petitioner filed his income tax returns for the calendar years 1935 to 1943, inclusive, with the then collector of internal revenue for the first district of Illinois at Chicago, Illinois. During the period from about 1913 to 1923, petitioner was employed by various jewelry concerns in Chicago, Illinois, as a salesman or manager. From about 1923 to 1927, he and another individual operated a jewelry business in that city as partners. From 1927 to the end of the taxable years involved herein, he engaged in the jewelry business in that city as a sole proprietor, doing business in his own name. He conducted this business from an office on the third floor at 27 East Monroe Street in Chicago. From about March 1939, through 1943, petitioner also conducted a credit jewelry business as a sole proprietor, doing business as Gordon Credit Jewelers. From about October 1, 1941, to the end of February 1942, he and another individual *207 also operated a pawnbroker and jewelry business as equal partners, doing business as Liberal Loan Bank. From March 1, 1942, through 1943, petitioner operated this businesss as a sole proprietor under the same trade name. After July 1942, the business was operated in a store on the ground floor at 21 East Adams Street in Chicago. Petitioner was indicted on two counts: (1) for conspiring to violate the National Stolen Property Act, 18 U.S.C.A. Sec. 413 et seq., and (2) for violating that Act by transporting stolen goods in interstate commerce. In a trial in the District Court of the United States for the Eastern District of Michigan, he was found guilty on both counts on May 23, 1946. He was sentenced to serve a term of years in a Federal penitentiary and fined $20,000.00. The judgment, which was appealed to the Circuit Court of Appeals for the Sixth Circuit, was affirmed. Gordon v. United States, (CA-6, 1947) 164 Fed. (2d) 855; cert. den. (1948) 333 U.S. 862. (Orders denying motions for a new trial and vacation of judgment affirmed, (C.A. 6th, 1949) 178 Fed. (2d) 896; cert. den. (1950) 339 U.S. 935). At all *208 times material, separate books and records were maintained in the regular course of business for Gordon Credit Jewelers and Liberal Loan Bank. Separate bank accounts, one in the name of Gordon Credit Jewelers and the other in the name of Liberal Loan Bank, were kept at the Amalgamated Trust and Savings Bank, in Chicago. Each bank account was reflected in the records of the business concerned. In his income tax returns for the years 1939 to 1943, inclusive, petitioner reported net profit from Gordon Credit Jewelers. Attached to the returns were supporting schedules which reported sales, receipts from sales, purchases, and expenses as shown on the books and records of the business. The reported receipts from sales were deposited in the bank account of Gordon Credit Jewelers. In his income tax return for the year 1941, petitioner reported $1,973.80 as his distributive share of the net loss of Liberal Loan Bank, the partnership, for the threemonth period ended December 31, 1941. In his returns for the years 1942 and 1943, he reported, respectively, $8,310.90, net loss for the ten-month period ended December 31, 1942, and $2,349.47, net profit for 1943, from the operation of Liberal *209 Loan Bank as a sole proprietor. Attached to the returns were supporting schedules which reported sales, purchases, and expenses as shown on the books and records of the business. The receipts from sales shown on its books and records were deposited in the bank account of Liberal Loan Bank. During the years 1935 to 1937, inclusive, no books or records were kept for the personal jewelry business conducted by petitioner in his own name. During the years 1938 to 1943, inclusive, petitioner kept records relating to the business, which, for the most part listed (1) unidentified deposits in, and (2) partially identified withdrawals from, a bank account carried by him in his own name at the Amalgamated Trust and Savings Bank. The only other records relating to the business were canceled checks drawn on this bank account. During the course of the examination of petitioner's income tax returns for the taxable years, respondent's agents on more than one occasion requested petitioner to produce the records which had been kept with respect to his personal jewelry business. Subsequently, petitioner's accountant did produce these records after respondent's agents had informed him that they knew *210 of petitioner's personal bank account and that their analysis of it showed that proceeds of sales made by petitioner in his personal jewelry business had been deposited in it. For each of the taxable years involved herein, petitioner had unidentified deposits in his personal bank account in the following total amounts: 1935
$58,053.14
1940
$ 62,056.94
1936
41,859.77
1941
95,100.80
1937
21,005.89
1942
119,025.27
1938
15,871.82
1943
219,235.90
1939
32,606.73 The above deposits do not include gross income reported by petitioner from his personal jewelry business, see infra, identified proceeds of sales in this business, redeposits, loans, repayments of loans made to others by petitioner, drawings or reimbursements of expenses received by petitioner from Gordon Credit Jewelers or Liberal Loan Bank, and miscellaneous receipts which were not taxable income to petitioner. Petitioner received at least the following total amounts during each of the years indicated as proceeds of sales made by him in his personal jewelry business which he deposited in his personal bank account in addition to the above unidentified deposits: 1937
$ 1,933.50
1941
$42,847.68
1938
2,904.70
1942
42,322.63
1939
6,960.00
1943
67,535.83
1940
11,451.61
*211 Petitioner also received the following amounts during the years indicated as proceeds of sales made by him in his personal jewelry business which he did not deposit in his personal account: 1938
$2,244.00
1941
$39,340.20
1939
713.00
1942
25,018.11
1940
9,772.06
1943
22,183.75
During 1940, petitioner received additional sums in the total amount of $5,770.22 as proceeds of sales made by him in his personal jewelry business. He turned this money over to Rose L. Gordon, his wife, who deposited it in the bank account of her furniture business. During the years indicated, petitioner paid out the following amounts, in cash and by checks drawn on his personal bank account, for the purchase of merchandise in the course of his personal jewelry business: Purchases paid
Purchases paid
Year
for in cash
for by check
1937
$ 1,177.66
1938
$ 46.50
1,210.02
1939
20.00
6,974.76
1940
9,089.62
1941
13,961.00
28,327.48
1942
23,192.19
31,611.39
1943
30,984.54
92,106.77
In his income tax returns for the years 1935 to 1940, inclusive, petitioner reported gross income, expenses, and net profit from his personal business *212 activities as follows: Gross
Total
Net
income
expenses
profit
1935
$4,975.26
$1,574.40
$3,400.86
1936
5,067.06
1,458.36
3,608.70
1937
6,035.84
1,520.11
4,515.73
1938
6,090.35
1,599.86
4,490.49
1939
5,488.40
847.07
4,641.33
1940
2,609.83
601.88
2,007.95
In the returns for 1935 through 1937, petitioner described the reported gross income from the personal jewelry business as commissions. In those for 1938 through 1940, he reported the nature of his business to be a jewelry or diamond broker. Petitioner did not report any items relating to this business in his returns for 1941, 1942 and 1943. Petitioner's income tax returns for the taxable years involved reported total net income as follows: 1935
$3,400.86
1940
$4,344.39
1936
3,608.70
1941
966.14
1937
4,452.73
1942
3,702.29 *
1938
4,400.49
1943
2,505.99
1939
1,420.79
Petitioner's actual net income (including the above and other adjustments) for the years involved herein was as follows: 1935
$61,454.00
1940
$ 89,397.56
1936
45,468.47
1941
182,494.59
1937
24,280.96
1942
176,922.93
1938
24,210.25
1943
244,337.12 *
1939
48,216.98
*213 There is a deficiency in petitioner's income tax for each of the years 1935 through 1943. Part of the deficiency for each year is due to fraud with intent to evade tax. Opinion FISHER, Judge: Respondent determined deficiencies in income tax and fraud penalties for each of the years 1935 through 1943. Although there was no appearance for petitioner at the trial of the instant case and no evidence was introduced on his behalf, respondent has the burden of establishing by clear and convincing evidence that there were deficiencies for each year due in part to fraud with intent to evade tax. Section 1112, Internal Revenue Code of 1939. For the reasons set out below, we believe that he has met that burden. During each of the years involved herein petitioner was engaged in the jewelry business in addition to his activities with respect to Gordon Credit Jewelers and the Liberal Loan Bank. In the course of his jewelry business, petitioner received from customers large amounts of money, some of which he deposited in his personal bank account. Other large sums from unidentified sources were also received by petitioner during the years in question. Although *214 in his returns for 1935 through 1940 petitioner reported gross income, expenses, and net income as a jewelry or diamond broker in addition to his credit jewelry and loan businesses, the amounts so reported do not reflect the true extent of his personal business activities. In his returns for 1941 through 1943, no items were reported with respect to the personal business. As a result of the above omissions, petitioner's net income for each year in question was grossly understated in the return filed therefor, and the resulting deficiencies were substantial. In the absence of any explanation, such large discrepancies for many successive years constitute convincing evidence of fraud with intent to evade income taxes. See Rogers v. Commissioner, (C.A. 6, 1940) 111 Fed. (2d) 987, affirming 38 B.T.A. 16; Arlette Coat Co., 14 T.C. 751, 756; and David J. Pleason, 22 T.C. 361, 372. In addition to his failure to report large amounts of net income each year, petitioner at first concealed from respondent's agents the records pertaining to his personal jewelry business. The agents were subsequently permitted by petitioner's accountant to examine *215 and copy these records only after the accountant was advised that petitioner's personal bank account had been discovered and analyzed by them. In view of the foregoing and other circumstances of record in the instant case, we hold that respondent has met the burden of establishing that there were deficiencies for each year in question due in part to fraud with intent to evade tax. The imposition of fraud penalties is accordingly sustained for all years. Since there was no appearance for petitioner at the hearing herein and no evidence was introduced on his behalf to overcome the presumptive correctness of respondent's determination of the amount of the deficiency for each year, we sustain the deficiencies and 50 per cent penalties in the amounts asserted by respondent in the statutory notice issued herein. In view of petitioner's fraud, the benefits of section 6 of the Current Tax Payment Act of 1943 are not applicable to the 1942 deficiency (see Lillian Kilpatrick, 22 T.C. 446, 458, etc., on appeal, C.A. 5), and respondent's determinations are not barred by limitations for any of the years involved. See section 276(a), Internal Revenue Code of 1939. Decision will *216 be entered for the respondent. Footnotes
*. Net loss.↩
*. Income tax net income.↩